UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACS CONSULTANT COMPANY, INC. f/k/a
SUPERIOR CONSULTANT COMPANY, INC., a
Michigan Corporation,

       Plaintiff,

v.

WILLIE WILLIAMS, RYLAND HAMLET, and
RAUL MESTRIL, Individuals, and HEALTHCARE
INFORMATICS TECHNICAL STAFFING, LLC, a
California Limited Liability Company,

       Defendants.

Case No. 06-11301

Honorable Lawrence P. Zatkoff

_____/

**Carey A. DeWitt (P36718)**
**Elizabeth A. DuMouchelle (P45462)**
**Gregory N. Blase (P66079)**
BUTZEL LONG
Suite 100,
150 West Jefferson
Detroit, Michigan  48226-4450
(313) 225-7000
**Attorneys for Plaintiff**
_____/

## TEMPORARY RESTRAINING ORDER
### AND ORDER TO SHOW CAUSE

    At a session of said Court held in the City of Port Huron,
County of St. Clair, State of Michigan on March 30, 2006

    Present:    Honorable Lawrence P. Zatkoff
                     U.S. District Judge

    The Court having reviewed the Verified Complaint, and Motion for Temporary Restraining

Order and Preliminary Injunction and Brief in Support Thereof, and the Court being otherwise duly advised in the premises;

**IT IS HEREBY ORDERED:**

1.  Defendants Willie Williams ("Williams"), Ryland Hamlet ("Hamlet"), and Raul Mestril ("Mestril"), shall be and are enjoined, directly or indirectly:

    (i) From using or disclosing at any time in the future ACS' confidential business information, trade secrets, proprietary information or property;

    (ii) From deleting or destroying any of ACS' confidential business information, trade secrets, proprietary information or property; from taking any action to delete, destroy, damage or "wipe clean" any computer hard drive, including without limitation their ACS-issued laptops and Blackberrys, containing ACS' confidential information or evidence relevant to this case.

    (iii) From interfering, in any way, with any current contract or prospective client relationship of ACS; and

    (iv) From breaching any fiduciary obligation to ACS, including but not limited to, appropriating any business opportunity of ACS, engaging in deceptive acts or statements with regard to ACS' abilities, experiences, and personnel, and otherwise attempting to gain unfair advantage in any healthcare information systems consulting or management consulting business, and disclosing or using ACS' confidential or proprietary information.

2.  Defendants Williams Mestril shall be and are enjoined, directly or indirectly:

    (i) From engaging in any healthcare information systems consulting, recruiting or management consulting businesses for a period of six (6) months from the date of the Court's Order;

    (ii) From commencing or continuing involvement with Defendant HCI, or with another competing entity, in the field of healthcare information systems consulting, recruiting or management consulting for a period of six (6) months from the date of the Court's Order;

    (iii) From competing in any other way, directly or indirectly, with ACS in the field of healthcare information systems consulting, recruiting and management consulting business for a period of six (6) months from the date of this Court's Order;

3.  Defendant HCI shall be and is enjoined, directly or indirectly:

- (i) From employing or working directly or indirectly with Williams, Hamlet, and Mestril, in any healthcare information systems consulting, recruiting or management consulting businesses for a period of six (6) months from the date of this Court's Order;

- (ii) From using or disclosing at any time in the future ACS' confidential business information, trade secrets, proprietary information or property;

- (iii) From deleting or destroying any of ACS' confidential business information, trade secrets, proprietary information or property; from taking any action to delete, destroy, damage or "wipe clean" any computer hard drive, including without limitation their ACS-issued laptops, containing ACS' confidential information or evidence relevant to this case.

- (iv) From interfering, in any way, with any current customer or prospective customer relationship of ACS; and

- (v) From engaging in deceptive acts with regard to ACS' abilities, experiences, and personnel to gain an unfair advantage in the healthcare information systems consulting or management consulting business.

4. That Defendants Williams, Hamlet, Mestril and HCI are ordered in the form of a mandatory preliminary injunction to, within seven (7) days of the date of this order, return all ACS property to ACS, including all laptops and Blackberries, all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, disks, notes, client files, client information, employment information, recruiting information, ACS employee skills information, business development information, request for proposal, request for bid, client correspondence, meeting minutes, notes of site visits, marketing data, prospect data, network diagrams, proposals, faxes, pricing, contracts awarded, technical specifications and related documents, marketing brochure, data network specifications, recommendations including but not limited to vendor recommendations, marketing database, costs, customer lists, customer information, strengths and weaknesses, prospect and client data, marketing plans, employee and prospective employee data, utilization and bench information, employee profiles and skills data, alliance relationships, competitive bid information, client contact lists, sales leads, business plans, profit, margin, and forecasting information, strategic planning, project costs, and other data kept in any form or media whatsoever;

5. That Williams, Hamlet, Mestril and HCI shall preserve all evidence, including hard copies, electronic, computer or any other format, which in any way relates to the claims made in this case;

6. That the Court is satisfied based on the evidence presented that it clearly appears from the specific facts shown in the Verified Complaint that immediate and irreparable injury, loss or damage will result to Plaintiff, should this Temporary Restraining Order not issue;

7. That Plaintiff must submit a bond (or surety bond) in the amount of $25,000, to be posted by 5:00 p.m., March 30, 2006.

8. That the Parties shall appear before this Court on Tuesday, April 4, 2006 at 10:00 a.m. to show cause why a preliminary injunction should not be issued until the merits of the dispute are resolved by the Court;

9. This Order was granted without notice to the defendants due to the potential risk that notice itself would have precipitated adverse action against Plaintiffs before an Order could be issued;

10. This Temporary Restraining Order is being issued on March 30, 2006, at 9:30 a.m. in Port Huron, Michigan; and

11. This Order shall remain in effect until further order of the Court.

**IT IS SO ORDERED.**

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 30, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290