UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACS CONSULTANT COMPANY, INC. f/k/a
SUPERIOR CONSULTANT COMPANY, INC., a
Michigan Corporation,

      Plaintiff,

v.

WILLIE WILLIAMS, RYLAND HAMLET, and
RAUL MESTRIL, Individuals, and HEALTHCARE
INFORMATICS TECHNICAL STAFFING, LLC, a
California Limited Liability Company,

      Defendants.

Case No. 2:06-cv-11301
Honorable Lawrence P. Zatkoff

_____/

**Carey A. DeWitt (P36718)**
**Elizabeth A. DuMouchelle (P45462)**
**Gregory N. Blase (P66079)**
BUTZEL LONG
Suite 100, 150 West Jefferson
Detroit, Michigan 48226-4450
(313) 225-7000
Fax: (313) 225-7080
**Attorneys for Plaintiff**

**Robert I. Barrar, Jr.**
RUBIN & BARRAR
4141 N.E. 2nd Ave, Ste. 203A
Miami, Florida 33137-3500
(305) 576-5600
Fax: (305) 576-3292
**Attorney for Defendant Raul Mestril**

_____/

### STIPULATED ORDER FOR PRELIMINARY INJUNCTION

      At a session of said Court held in the U.S. Courthouse,
City of Port Huron, County of St. Clair, State of Michigan
on: April 17, 2006

      Present: Honorable Lawrence P. Zatkoff

      Pursuant to the stipulation of Plaintiff ACS Consultant Company, Inc. and Defendant Raul Mestril, and the Court having reviewed the Verified Complaint, the Motion for Temporary

Restraining Order and Preliminary Injunction and Brief in Support Thereof, and the Stipulation for Preliminary Injunction, and heard the oral arguments and presentation of evidence at the April 4, 2006 Show Cause Hearing, and the Court being otherwise duly advised in the premises;

**IT IS HEREBY ORDERED:**

1. That Defendant Raul Mestril ("Mestril") shall be and is enjoined, directly or indirectly:

    (i) From using or disclosing at any time in the future ACS' confidential business information, trade secrets, proprietary information or property;

    (ii) From deleting or destroying any of ACS' confidential business information, trade secrets, proprietary information or property; from taking any action to delete, destroy, damage or "wipe clean" any computer hard drive, including without limitation his ACS-issued laptop, containing ACS' confidential information or evidence relative to this case. Notwithstanding the above, the Court acknowledges that Mestril turned over a laptop computer, a partial backup of same and a long distance phone card at the April 4, 2006 Hearing in Port Huron, Michigan and further that Mestril represents and warrants that he no longer possesses any of ACS' confidential business information, trade secrets, proprietary information or property;

    (iii) From interfering, in any way, with any current contract or prospective client relationship of ACS at any time before September 30, 2006 or a later date if ordered by the Court;

    (iv) From breaching any fiduciary obligation to ACS, including but not limited to, appropriating any business opportunity of ACS, engaging in deceptive acts or statements with regard to ACS' abilities, experiences, and personnel, and otherwise attempting to gain unfair advantage in any healthcare information systems consulting or management consulting business, and disclosing or using ACS' confidential or proprietary information at any time before September 30, 2006 or a later date if ordered by the Court;

    (v) From engaging in any healthcare information systems consulting, recruiting or management consulting businesses at any time before September 30, 2006 or a later date if ordered by the Court;

    (vi) From commencing or continuing involvement with Defendant HCI, or with other competing entity, in the field of healthcare information systems consulting, recruiting or management consulting at any time before September 30, 2006 or a later date if ordered by the Court; and

    (vii) From competing in any other way, directly or indirectly, with ACS in the field of healthcare information systems consulting, recruiting and management consulting business at any time before September 30, 2006 or a later date if ordered by the Court;

2. That Mestril shall be ordered in the form of a mandatory permanent injunction to, return all ACS property including, including all laptops, all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, disks, backup hard drives, notes, client files, client information, employment information, recruiting information, ACS employee skills information, business development information, request for proposal, request for bid, client correspondence, meeting minutes, notes of site visits, marketing data, prospect data, network diagrams, proposals, faxes, pricing, contracts awarded, technical specifications and related documents, marketing brochure, data network specifications, recommendations including but not limited to vendor recommendations, marketing database, costs, customer lists, customer information, strengths and weaknesses, prospect and client data, marketing plans, employee and prospective employee data, utilization and bench information, employee profiles and skills data, alliance relationships, competitive bid information, client contact lists, sales leads, business plans, profit, margin, and forecasting information, strategic planning, project costs, and other data kept in any form or media whatsoever.  Mestril shall return such property by 5:00 p.m. eastern daylight time on April 12, 2006 to ACS' counsel Carey A. DeWitt, Butzel Long, P.C., Suite 100, 150 West Jefferson Avenue, Detroit, Michigan  48226-4450.  Notwithstanding the above, the Parties acknowledges that Mestril turned over a laptop computer, a partial backup of same and a long distance phone card at the April 4, 2006 Hearing in Port Huron, Michigan and further that Mestril represents and warrants that he no longer possesses any of ACS' confidential business information, trade secrets, proprietary information or property;

3. That Mestril shall preserve all evidence, including hard copies, electronic, computer or any other format, which in any way relates to the claims made in this case;

4. That this Order shall remain in effect pending final adjudication on the merits or until further order of the Court.

**IT IS SO ORDERED.**

 s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
United States District Court Judge

Dated: April 17, 2006

S:\Zatkoff\Marie ECF\acs mestril stip inj.wpd