UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASE NO.: 2:06-cv-11301
HONORABLE LAWRENCE P. ZATKOFF

ACS CONSULTANT COMPANY, INC. f/k/a
SUPERIOR CONSULTANT COMPANY, INC.,
A Michigan Corporation,

      Plaintiff,

v.

WILLIE WILLIAMS, RYLAND HAMLET, and
RAUL MESTRIL, individuals, and HEALTHCARE
INFORMATICS TECHNICAL STAFFING, LLC.,
a California Limited Liability Company,

      Defendants.
_____/

## EMERGENCY RENEWED MOTION TO WITHDRAW AND INCORPORATED MEMORANDUM OF LAW

    Undersigned counsel hereby files the Emergency Renewed Motion to Withdraw as counsel of record in the above cause for RAUL MESTRIL and Incorporated Memorandum of Law and as grounds therefore states as follows:

1. Irreconcilable differences have arisen between Defendant Raul Mestril and undersigned counsel.

2. Defendant Mestril has specifically advised undersigned counsel that he no longer wants counsel or his firm to continue to represent him in the above cause.

3. It is in the best interests of the Defendant Mestril that undersigned counsel be permitted to withdraw as attorney of record in the above cause.

4. Mr. Mestril has previously advised counsel in writing that he no longer wants undersigned counsel to represent him.

5. Accordingly by prior motion, undersigned counsel moved to withdraw in August of 2006.

6. By order of this court dated March 6, 2007 the court denied counsel's motion to withdraw without prejudice.

7. Since the filing of the original motion to withdraw, a number of circumstances have arisen that make it impossible for undersigned counsel to continue to represent Mr. Mestril, as to do so would not be in the best interests of Mr. Mestril and/or this cause.

8. First and perhaps foremost, undersigned counsel's law partner, Ellis S. Rubin died in December of 2006. As a result thereof, undersigned counsel has been forced to handle the entirety of the firm's existing caseload, move the office and change staffing.

9. In the past month, undersigned counsel has commenced and completed two jury trials and currently is scheduled to begin a complex organized crime and murder case that is scheduled to begin in April of 2007. This trial is scheduled to last 3-4 months and there are numerous co-defendants and counsel who have coordinated their schedules.

10. Additionally, counsel's practice is primarily criminal defense and as such counsel has numerous other cases scheduled for trial.

11. In the court's order of March 6, 2007, the court indicated that despite good cause shown and as the court found that as required by the Michigan Bar Rules counsel must move to withdraw, the court denied the motion citing among other matters the need to move the case forward..

12. As the court can readily see, counsel will not be in a position to move this case forward, due to the death of his partner and all the consequences thereof, as well as his pending trial schedule.

13. Additionally, Mr. Mestril upon being advised of the court's ruling telefaxed another letter to counsel. This letter stated " I am again requesting that you withdraw from representing me and I am discharging you from representing me. I do not have the money to pay you and cannot afford to hire another attorney. I will be representing myself. …"

14. Attached hereto as Exhibit "A" is a copy of said letter.

15. Finally, if the court insists that undersigned counsel remain on this case, counsel will continue to bill Mr. Mestril for the time expended. Mr. Mestril has indicated that he has no money to pay said bill and counsel has advised Mr. Mestril that if necessary he will file suit against Mr. Mestril to recover such fees.

16. It is clearly in the best interests of Mr. Mestril that counsel be permitted to withdraw as there are truly irreconcilable differences between attorney and client.

17. While the court believes Mr. Mestril should have counsel, it is Mr. Mestril's right to proceed pro se.

## INCORPORATED MEMORANDUM OF LAW

Pursuant to Section 1.16 (a) (3) of the Michigan Rules of Professional Conduct a lawyer shall withdraw from the representation of a client if the lawyer is discharged. At Bar, the client Raul Mestril has repeatedly discharged undersigned counsel from representation in the above cause as he has indicated that he no longer wants undersigned counsel or his firm to continue to represent him in the above cause. Additionally, see Minerva v. Singletary, 830 F. Supp. 1426 (MD Fla. 1993) in which the Court held, no representation should properly continue in any legal

context where the alleged representative expressly renounces representation. At Bar, this is precisely what has occurred, as Mr. Mestril has continually renounced representation and the desire to proceed pro se.

Accordingly, both under applicable Federal law and the Michigan Rules of Professional Conduct undersigned counsel is required to withdraw based upon the client's statements that he no longer wishes this firm or undersigned counsel to continue to represent him in the above cause.

WHEREFORE, based upon the foregoing, counsel requests this Court enter its Order granting this Emergency Motion to Withdraw discharging counsel from further responsibility to the Defendant Raul Mestril in the above cause.

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and furnished to Carey A. DeWitt, Esq. this 7th day of March, 2007.

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and furnished to Carey A. DeWitt, Esq. this 7th of March , 2007.

**THE LAW OFFICES OF ELLIS RUBIN AND ROBERT I. BARRAR**
Attorneys for Defendant
6619 South Dixie Highway #311
Miami, Florida 33143
Rbarrar@bellsouth.net
(305) 576-5600
(305) 666-5026(telefax)

<u>s/ Robert I. Barrar</u>            .
**ROBERT I. BARRAR, ESQ.**
**FL. BAR. NO.:0653926**
For the Firm

5