UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACS CONSULTANT COMPANY, INC. f/k/a
SUPERIOR CONSULTANT COMPANY, INC.,
a Michigan Corporation,

      Plaintiff,

v.

WILLIE WILLIAMS, RYLAND HAMLET, and
RAUL MESTRIL, individuals, and HEALTHCARE
INFORMATICS TECHNICAL STAFFING, LLC.,
a California Limited Liability Company,

      Defendants.
_____/

CASE NO. 06-11301

HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on November 16, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs Pursuant to Order (Docket #52). Defendant Ryland Hamlet ("Hamlet") has filed a response, and Plaintiff has filed a reply. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons set forth below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

Plaintiff previously filed a Motion for Contempt against Hamlet ("Contempt Motion"), wherein Plaintiff asked this Court to find Hamlet in contempt of court for failing to return a laptop, in contravention of Plaintiff's requests and Court orders. As the laptop at issue had been returned to Plaintiff when the Court decided the Contempt Motion, the Court denied as moot that portion of Contempt Motion. Plaintiff also asked the Court to award Plaintiff costs and attorneys' fees expended in bringing the Contempt Motion. In granting the Plaintiff's request for costs and attorney fees, the Court stated:

> As noted above, Hamlet has never responded to this Motion in any manner and eventually gave the laptop back to Plaintiff. As such, the Court concludes that Plaintiff's Motion was filed in good faith and for good reason. Therefore, the Court grants Plaintiff's Motion as it pertains to Plaintiff's request for an award of costs and attorneys' fees expended in bring[ing] the Motion. The Court therefore ORDERS Plaintiff to submit to the Court, within 20 days of the date of this Opinion and Order, an itemized list of billings associated with preparing and filing the Motion for Order of Contempt.

Plaintiff timely filed the "Motion for Attorney Fees and Costs Pursuant to Order" and asks that the Court award Plaintiff the aggregate amount of $11,705.45 for attorney fees ($11,649.70) and costs ($55.75). The Court notes, however, that the total submitted by Plaintiff is actually $12,123.43, as $473.73 in computer research costs were not included in the "Grand Total" of "Costs Incurred" on Exhibit B to the Motion for Attorney Fees and Costs Pursuant to Order.

## III. ANALYSIS

Although Plaintiff titled its filing as "Motion for Attorney Fees and Costs Pursuant to Order,"

the Court previously ruled that Plaintiff was entitled to attorney fees and costs incurred as a result of filing the Contempt Motion. Accordingly, the only issue before the Court is the reasonableness of the fees and costs Plaintiff asks the Court to approve.

Hamlet argues that (1) the fees and costs are unreasonable and excessive, (2) no evidence supporting the hourly fees was supplied, (3) a lodestar multiplier is not appropriate in this case because this case is not a civil rights case, and (4) the submitted costs are dated seven weeks after the filing of the Contempt Motion. The Court first addresses Hamlet's arguments in parts (2) and (3). To the extent Plaintiff failed to supply evidence supporting the hourly fees in its initial brief, Plaintiff did so in filing its reply brief. Moreover, whether or not the lodestar method is appropriate here, the Court must look at certain factors in determining whether the attorney fees claimed are reasonable. And, while Hamlet contests the lodestar method, he does not offer or suggest an alternate method for computing the reasonableness of the attorney fees claimed. The Court therefore assesses whether the claimed attorney fees are reasonable.

Based on the experience of the attorneys and the billing rates of comparable attorneys in this area, the Court finds that the billing rates claimed by Plaintiff's attorneys (i.e., $319.50/hour for Carey DeWitt and $225/hour for Elizabeth DuMouchelle) are reasonable. Significantly, Hamlet does not challenge the billing rates of Plaintiff's attorneys. Turning to the amount of time billed, the Court cannot determine exactly what happened on any particular day the attorneys billed on this matter. The Court therefore has reviewed the docket, the instant motion and the other filings in this matter in order to determine the number of hours reasonably necessary to prepare the Contempt Motion and the brief in support thereof. Such time would not be limited to the actual preparation of the motion and brief. It also would include the time spent ascertaining whether Hamlet continued

3

to be in contempt and efforts to reach him about this issue. For the reasons that follow, the Court concludes that the time for Carey DeWitt (11.8 hours) and Elizabeth DuMouchelle (34.8 hours) is more than reasonably necessary for the preparation of the Contempt Motion (and accompanying brief).[1]

The Court first strikes two entries for attorney Carey DeWitt dated May 12, 2006 (the first entry is for 1.1 hours and the second entry is for 1.6 hours). Both of these entries are described as "Preparation of contempt proceeding" and the amounts for such entries ($351.45 and $511.20, respectively) are included in the attorney fees requested. No such proceeding was scheduled on the Court's docket, however, and no other entry has the same description. In addition, those entries are not included on the actual invoice subsequently provided to the Court as Exhibit J to Plaintiff's reply brief.

Next, Hamlet questions why a motion for contempt requires the efforts of three highly skilled attorneys. Hamlet also challenges the Plaintiff's contention that the issues involved in the Contempt Motion were complex, especially considering "how much Plaintiff cut and pasted from the Verified Complaint and the Preliminary Injunction, the issues appeared to be quite simple." After reviewing the Contempt Motion, the Court generally agrees with Hamlet's contentions. Much of the wording in the motion and the accompanying brief was cut and pasted from prior motions, briefs and orders filed in this case. This is not surprising because the issue of Hamlet withholding the laptop has been

---

[1]The Court realizes that many issues related to Plaintiff's prosecution of the action against Hamlet and the other defendants were being addressed simultaneously and does not question that Plaintiff's attorneys probably were addressing many of those issues throughout the time the Contempt Motion was contemplated and prepared. The issue before the Court at this time, however, is the reasonableness of the attorney fees and costs "associated with preparing and filing the" Contempt Motion.

addressed repeatedly in this case. The issue is not complex, however, as Plaintiff simply has asked the Court to impose sanctions on Plaintiff for failure to comply with Court orders and award Plaintiff attorney fees it incurred in having to bring the Contempt Motion.

The Court recognizes that the Contempt Motion was reviewed by the Plaintiff's representatives and changes apparently were suggested. The Court also recognizes that some legal research necessarily was conducted in order to prepare the Contempt Motion. In this case, however, the motion itself was five pages and the text of the brief was 15 pages. In addition, there were five cases (consisting of 25 pages) cited and attached as exhibits to the Contempt Motion, and 18 additional cases were cited in the brief. Therefore, based on the undersigned's review of the filings in this case, the undersigned's experience in presiding over litigation for the past twenty-one years on this bench, and the undersigned's experience as a litigator, it is the conclusion of this Court that Plaintiff reasonably would expend 30.2 hours total preparing and filing the Contempt Motion. The Court allocates those 30.2 hours as follows: (1) Carey DeWitt, 6.4 hours; (2) Elizabeth DuMouchelle, 23 hours; (3) Carol Romej, .2 hours; and (4) Greg Blase, .6 hours. Based on that allocation of hours, the aggregate amount of the attorney fees for Plaintiff associated with preparing and filing the Contempt Motion is $7,379.10, broken down as follows: (a) Carey DeWitt - $2,044.80; (b) Elizabeth DuMouchelle - $5,175.00; (c) Carol Romej -$56.70; and (d) Greg Blase - $102.60.

Hamlet argues that the items listed as costs on Exhibit B to the initial brief should be disallowed because they are dated July 31, 2006, which was after the Contempt Motion was filed. In Exhibit J of the Reply Brief (copies of the actual invoices sent to the client), however, it is clear that there were numerous instances where copies of documents were produced and sent to the client

prior to the date the Contempt Motion was filed. As such, the Court concludes that copying charges of $55.75 in conjunction with preparation of the Contempt Motion were reasonable. In addition, as the research conducted by Elizabeth DuMouchelle occurred prior to June 9, 2006, the computer research charges ($473.73) also would have been conducted prior to the date the Contempt Motion was filed. The Court therefore concludes that Plaintiff is entitled to all of the costs set forth in its Motion for Attorney Fees and Costs ($529.48).

For the foregoing reasons, the Court holds that Plaintiff is entitled to the aggregate amount of $7,908.58 as an award of attorney fees ($7,379.10) and costs ($529.48) in relation to preparing and filing the Contempt Motion.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Attorney Fees and Costs Pursuant to Order is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: November 16, 2007

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 16, 2007.

<pre>
                                        s/Marie E. Verlinde                    
                                        Case Manager
                                        (810) 984-3290
</pre>